UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

BRIAN PETERSON, DERRICK HALL, JAVIER RODRIGUEZ and CORVETTE BRUNO as mother and natural guardian of infant plaintiff J.T.,

                        Plaintiffs,

-against-

Detective CHRISTOPHER GOODWIN, Shield No. 6956; Detective COURTNEY THORPE, Shield No. 01210; Detective ADRIAN CHATMAN, Shield No. 06828; Detective VICTOR MAURO, Shield No. 02361; Detective RUPERTO VALENTIN, Shield No. 03799; Detective RICHARD ALERTE, Shield No. 05893; Detective ISABEL MARQUEZ, Shield No. 06265; Captain FERNANDO GUIMARAES; Lieutenant HERIBERTO LLAURADO; and JOHN and JANE DOE 9 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 6112 (RJD) (MDG)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Brian Peterson is a resident of Kings County in the City and State of New York.

7. Plaintiff Derrick Hall is a resident of Kings County in the City and State of New York.

8. Plaintiff Javier Rodriguez is a resident of Kings County in the City and State of New York.

9. Infant plaintiff J.T., by his mother and natural guardian, Corvette Bruno, is a resident of Kings County in the City and State of New York.

10. Defendant Detective Christopher Goodwin, Shield No. 6956 ("Goodwin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Goodwin is sued in his individual and official capacities.

11. Defendant Detective Courtney Thorpe, Shield No. 01210 ("Thorpe"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Thorpe is sued in his individual and official capacities.

12. Defendant Detective Adrian Chatman, Shield No. 06828 ("Chatman"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Chatman is sued in his individual and official capacities.

13. Defendant Detective Victor Mauro, Shield No. 02361 ("Mauro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mauro is sued in his individual and official capacities.

14. Defendant Detective Ruperto Valentin, Shield No. 03799 ("Valentin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Valentin is sued in his individual and official capacities.

15. Defendant Detective Richard Alerte, Shield No. 05893 ("Alerte"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Alerte is sued in his individual and official capacities.

16. Defendant Detective Isabel Marquez, Shield No. 06265 ("Marquez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Marquez is sued in her individual and official capacities.

17. Defendant Captain Fernando Guimaraes ("Guimaraes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Guimaraes is sued in his individual and official capacities.

18. Defendant Lieutenant Heriberto Llaurado ("Llaurado"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Llaurado is sued in his individual and official capacities.

19. At all times relevant defendants John and Jane Doe 9 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

20. At all times relevant herein, defendants John and Jane Doe 9 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 9 through 10 are sued in their individual and official capacities.

21. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

22. At approximately 6:30 a.m. on October 18, 2012, plaintiffs were lawfully in an apartment at 155 Seigel Street, in Brooklyn, New York.

23. Members of the New York City Police Department, dressed in riot gear, and waiving their guns, forcibly entered the home under the guise of an alleged search warrant.

24. If there was a warrant, it was issued upon the basis of extremely unreliable information, and the police did not follow NYPD policies and procedures in obtaining and executing the warrant. Revised NYPD policies and procedures were instituted after the tragic death of Ms. Alberta Spruill during a raid in Harlem in May 2003 to ensure the reliability of the NYPD's information before obtaining and executing search warrants.

25. Plaintiff Mr. Peterson was leaving the abovementioned apartment when defendants ordered him to go back inside and to get on the floor.

26. Mr. Peterson was searched and placed in tight handcuffs.

27. Defendants charged into the bedroom of plaintiff J.T. as he was getting ready for school. J.T.'s friend, plaintiff Javier Rodriguez, who was also in the room, had come to J.T.'s house that morning, as he usually did, so he and J.T. could go to school together.

28. Defendants threw plaintiffs J.T. and Javier Rodriguez to the ground.

29. J.T. and Javier Rodriguez were searched and placed in tight handcuffs.

30. Plaintiff Derrick Hall was asleep in his bedroom when officers charged into his room, screaming for him to get down.

31. Derrick Hall was searched and placed in tight handcuffs.

32. No contraband was recovered from plaintiffs.

33. Defendants arrested plaintiffs without probable cause or reasonable suspicion to believe they had committed any crime or offense.

34. Plaintiffs were eventually taken to the 90th precinct.

35. At the precinct, officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs in criminal possession of a controlled substance and prepared false paperwork to the effect, including arrest reports.

36. At no point did the officers observe plaintiffs in criminal possession of a controlled substance.

37. Plaintiffs were eventually taken to Brooklyn Central Booking.

38. All plaintiffs were released from Central Booking after spending approximately 24 hours in custody without ever seeing a judge.

39. At the time of his unlawful arrest, plaintiff Brian Peterson was working as a senior level cook for the Department of Education at Grand Street Campus in Brooklyn for approximately ten years.

40. As a result of this arrest, Mr. Peterson was suspended from work for approximately five weeks before being reinstated. To date, Mr. Peterson has not been compensated for his lost wages.

41. Plaintiffs suffered damages as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, embarrassment, humiliation, loss of wages and damage to their reputation.

## FIRST CLAIM
### Unlawful Stop and Search

42. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

44. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

47. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Unreasonable Force

48. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

50. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. The individual defendants created false evidence against plaintiffs.

53. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

54. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional

right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

55. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

56. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 22, 2013
         New York, New York

                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Gabriel Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwsflegal.com

                              *Attorney for plaintiffs*